UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 11-090 |
| ERNESTO RAMON ALI VALLES<br>#31924-034 | SECTION "F" |

ORDER AND REASONS

Before the Court is Ernesto Ramon Ali Valles' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For the reasons that follow, the motion is DENIED.

Background

Ernesto Ramon Ali Valles, a federal prisoner, moves this Court to vacate, set aside, or correct sentence, based on ineffective assistance of counsel.

On April 15, 2011, Valles was indicted on one count of conspiracy to import one kilogram or more of heroin from outside of the United States, in violation of 21 U.S.C. §§ 955 and 960(b)(1)(A); one count of importation into the United States of one kilogram or more of heroin in violation of 21 U.S.C. §§ 952(a)and 960(b)(1)(A) and 18 U.S.C. § 2 (aiding and abetting); and one count of possession with the intent to distribute one

1

kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1)and (b)(1)(A) and 18 U.S.C. § 2 (adding and abetting).

On October 26, 2011, at his rearraignment, Valles pled guilty as charged to all three counts of the indictment, without a plea agreement. Before his rearraignment, Valles' counsel filed two motions for the production of evidence. Counsel's aim was to reweigh the drugs because the original reported net weight exceeded a threshold level that, if disproven, could have triggered a more favorable base offense level for sentencing purposes. Nevertheless, the weight of the drugs exceeded three kilograms.

On November 14, 2012, this Court sentenced Valles to a term of 87 months imprisonment, the bottom of his guideline range, as to Counts 1, 2, and 3, to run concurrently. Before sentencing, Valles' counsel filed a sentencing memorandum, arguing that he should receive a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b), because he and his co-defendant, Herodia Martinez, were both "mules": Martinez carried money while Valles carried heroin; Valles insisted that he was no more culpable than Martinez, who was awarded the minor role adjustment. This Court ultimately denied Valles' motion for the minor role adjustment because: (1) he was expected to receive $8,000 of the $9,000 given to his co-

2

defendant for the heroin transaction, (2) it was undisputed that he was caught with more than three kilograms of heroin on his body, and (3) he had multiple contacts with drug dealers to distribute the heroin found on his body.

On April 8, 2013, Valles, with the benefit of counsel, appealed. On appeal, he argued that this Court erred in not adjusting his sentence for his alleged minor role. The Fifth Circuit Court of Appeals affirmed the sentence imposed by the Court. 539 Fed.Appx. 497 (5th Cir. 2013). Valles now seeks relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel.

I.
A.

A federal prisoner may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Section 2255(a) allows a prisoner in federal custody to challenge his sentence if it was imposed in violation of the U.S. Constitution, including the Sixth Amendment, which guarantees criminal defendants the right to assistance of counsel. Accordingly, a habeas petitioner may properly claim ineffective assistance of counsel as grounds for challenging his sentence. Unless "the motion and the files and records of the case conclusively show

3

that the prisoner is entitled to no relief," the petitioner is entitled to an evidentiary hearing. 28 U.S.C. § 2255(b). An evidentiary hearing is therefore not required if, as here, the defendant's claims do not raise a factual dispute or if the trial record refutes the claim. See, e.g., Schriro v. Landrigan, 550 U.S. 465, 475 (2007); Hill v. Lockhart, 474 U.S. 52, 60 (1985).

Ineffective assistance of counsel claims are analyzed under the test established in Strickland v. Washington, which requires the defendant to show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To satisfy the first prong of the test, a defendant must prove that counsel's conduct fell below an objective standard of reasonableness. Id. at 688. The standard of review for effectiveness of counsel "must be highly deferential," in order to "eliminate the distorting effects of hindsight." Id. To satisfy the second prong, a defendant must prove a reasonable probability of a different result, but for counsel's errors. Id. at 694. In doing so, the defendant must show more than the mere possibility of a different outcome, rather, "a petitioner must present evidence of sufficient quality and force to raise a reasonable probability that, had it been presented to the jury, the outcome would have been different."

4

United States v. Drones, 218 F.3d 496, 504 (5th Cir. 2000) (quoting Ransom v. Johnson, 126 F.3d 716, 723 (5th Cir. 1997))(internal quotation marks omitted).

*B.*

In the context of a guilty plea, a prisoner claiming that counsel's ineffectiveness rendered his guilty plea involuntary must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To be valid, a guilty plea must be voluntary, knowing, and intelligent. United States v. Washington, 480 F.3d 309, 315 (5th Cir.2007). A plea is voluntary if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. Id. To determine whether a plea is voluntary, the Court considers all relevant circumstances, and examines whether the conditions of a guilty plea—including that the defendant had notice of the charges against him, that the defendant understood the constitutional protections waived, and that he had access to the advice of competent counsel—have been met. Id.

*C.*

Petitioner first argues that his counsel was ineffective

5

because counsel induced him to plead guilty by promising that his sentence would not exceed 48 months. "A defendant who seeks to prevail on a claim that his plea was involuntary due to counsel's representations concerning the sentence he would receive must show that his plea was motivated by an 'actual promise.'" United States v. Fernandez, 317 Fed.Appx. 388, 390 (5th Cir.2009) (citing Smith v. McCotter, 786 F.2d 697, 701 (5th Cir.1986)). To prevail on a theory of actual promise, the petitioner must prove: (1) the exact terms of the promise; (2) exactly when, where, and by whom the promise was made; and (3) "the precise identity of an eyewitness to the promise." Id.

Importantly, a guilty plea is not rendered involuntary simply because a defendant misunderstood his defense counsel's inaccurate prediction that a lesser sentence would be imposed; rather, "[a]s long as the defendant understood the term of imprisonment to which he might possibly be sentenced, he was aware of the plea's consequences." Fernandez, 317 Fed.Appx. at 390 (citations omitted).

The record belies petitioner's claim that counsel promised him a 48-month sentence. Once made aware of the net weight of the drugs found on Valles at the time of his arrest, counsel was persistent in getting the drugs re-weighed because the weight was

6

near a sentencing threshold level of three kilograms: if the heroin weighed more than three kilograms, he faced a base offense level of 34 with a guideline range of 151-188 months; if under, he faced a base offense level of 32 with a guideline range of 121-151. In neither instance was it plausible that Valles' total offense level could permit his guidelines to fall below 121 months, let alone 48 months. Further, at Valles' rearraignment, this Court engaged Valles, who was under oath, and his counsel in a plea colloquy to identify whether Valles had been promised or was expecting any specific sentence. Valles unequivocally indicated that his counsel did not tell him what sentence he was to receive, Valles confirmed that he was satisfied with the advice and service of his counsel, and at no point did he indicate to this Court that he was expecting a sentence within the range of 48 months on the advice of his counsel.[1]

Petitioner's second argument is that his counsel was ineffective for failing to contest the Government's breach of a plea agreement. However, as acknowledged by both the Government and Valles' counsel at his rearraignment, and as is clear from the record, Valles did not enter into any plea agreement with the

---

[1] Moreover, it is telling that Valles offers no factual support concerning the terms of the alleged promise or when it was made.

Government.

Petitioner's third argument, that his counsel was ineffective in denying him the opportunity to present claims on appeal, is also without merit. Valles' counsel filed a timely notice of appeal, and re-argued why counsel believed this Court erred in not reducing his offense level for being a minor participant. If Valles has procedurally defaulted another claim by failing to raise it previously on direct review when his attorney filed his original appeal, his claim may effectively be raised on habeas only if he can demonstrate "cause for the procedural default and prejudice attributable thereto," in order to obtain review of his defaulted constitutional claim. Murray v. Carrier, 477 U.S. 478, 485 (1986). He has failed to do so. He has not articulated any other claims he has been precluded from raising on direct review. Therefore, there is no basis to accept his claim that he has been denied appellate rights.

As his fourth argument, petitioner alleges his counsel was ineffective for failing to contest the sentencing range applied, and that counsel instead should have argued for a correct sentence range of 60-68 months. However, Valles has not explained how the guidelines were incorrectly calculated, or how he arrived at the 60-68 guideline range himself. "Conclusory allegations of

8

ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Moreover, as the Government points out, Valles' claim that an incorrect sentencing guidelines was applied, combined with his counsel's failure to contest the referenced incorrect guideline range is inconsistent with his sentencing hearing, in which neither he nor his counsel objected to the guidelines range calculated by the United States Probation office and detailed in Valles' PSR.

Petitioner's fifth argument, that he did not waive his Sixth Amendment rights and consent to be sentenced on the basis of judicially found facts simply because he pled guilty rather than exercise his right to a jury trial, is inconsistent with the Supreme Court's holding in United States v. Booker: when a Court "exercises [its] discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." 543 U.S. 220, 233 (2005).

Petitioner's sixth argument, that his sentence of 87 months is unreasonable because it was greater than necessary and that this Court failed to appreciate mitigating circumstances, is without merit. This is not the sort of claim that is ripe for

9

habeas review. Nevertheless, "[a] judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence," and further, before making a sentence determination, a judge may conduct "an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come," authorizing the judge independent authority to evaluate mitigating circumstances. Wasman v. United States, 468 U.S. 559, 565 (1984); United States v. Tucker, 404 U.S. 443, 447 (1972). In fact, Valles received an 87 month sentence, which was not only the bottom of his guideline range, but also consistent with his requested sentence of 70-87 months.

## II.

Finally, Valles advances a litany of claims by way of his reply papers: that his counsel (1) did not effectively communicate with him in a way that would guide him to make informed decisions, (2) did not properly investigate his case, (3) did not provide any discovery for him to review, (4) failed to explain or advise on a direction regarding his plea, (5) failed to consider exculpatory evidence demonstrating his innocence, (6) ignored the existence of his familial hardship,

10

and (7) failed to properly analyze testimony and object accordingly. Even assuming this Court may consider these arguments raised for the first time in reply papers, none of these arguments survive the record or Strickland's test.

Strickland makes clear that counsel is given a "strong presumption" that their conduct "fell within the wide range of reasonable professional assistance," because of the potential for the "distorting effects of hindsight." 466 U.S. 668, 689 (1984). Given Valles' counsel's diligence in attempting to mitigate his base offense level by filing motions to re-weigh the drugs, considering that counsel appealed this Court's sentence, and finally, in light of Valles' failure to submit anything that would undermine the knowing, voluntariness or intelligence of his guilty plea, Valles has failed to demonstrate that his counsel acted deficiently and he has likewise failed to suggest, let alone show, prejudice.

In short, Valles has not submitted any evidence or argument to suggest that his counsel represented him in an unreasonable manner; nor has he shown, absent counsel's alleged deficient representation, the outcome of the proceedings would have been different. Thus, neither Strickland prong is satisfied.

Accordingly, Valles' § 2255 motion to vacate, set aside, or

11

correct sentence is DENIED.

    New Orleans, Louisiana, this __6th__ day of ____June____, 2014.

                                _____
                                  UNITED STATES DISTRICT JUDGE

12